By the Court:
In declaring upon a contract which is set forth in terms, it is necessarily shown to be in writing. If it is alleged to be a bond or promissory note, it cannot be otherwise than in writing. The contract may, however, be set forth according to its legal effect only, in which case it is not necessary to state that it was in writing. This is the rule in regard to all contracts good at common law. The act of Congress requires all contracts with the Board of Public Works to be in writing and signed by the parties. Now, why should it be any more necessary to aver in the declaration that it is in writing, than it would be in declaring upon a contract within the statute of frauds? They both relate to a species of well-known contracts, and require certaiu formalities in their form and execution. Contracts for repaving and grading streets are as ancient as our municipalities, and as well known as those within the statute of frauds. It is conceded that the law will imply that the latter are in writing, whether that fact is alleged or uot in the declaration, and will leave the defendant to plead it by way of defense. (1 Chit. PL, 221, 222.) We think the rule is the same here. We are also of opinion that the want of an appropriation of a sum of money for the *262 work embraced in the contracts will come more properly from the defendant, and that therefore it was not necessary to state the tact in the declaration.
We overrule the demurrer, with leave to the defendant to plead over as he may be advised.